IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **INGOMAR LIMITED PARTNERSHIP,** : | CIVIL ACTION NO. 1:06-CV-1433 |
| : | |
| : | (Judge Conner) |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **JEFFREY J. CURRENT; PAULA H.** : | |
| **CURRENT; SELECT PORTFOLIO** : | |
| **SERVICING, INC., f/k/a FAIRBANKS** : | |
| **CAPITAL CORP.; RANDAL L.** : | |
| **SPAHR; and CRYSTAL C. JAMES,** : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 11th day of April, 2008, upon consideration of the court's memorandum and order of March 6, 2008 (Doc. 36), which granted summary judgment in favor of plaintiff Ingomar Limited Partnership ("Ingomar") on its breach of contract claims[1] against defendants Jeffery and Paula Current ("the Currents") arising from the Currents' failure to satisfy obligations under a mortgage note held by Ingomar, and which directed Ingomar to file supplemental documents itemizing its damages through the date of this order, and upon consideration of Ingomar's supplemental filings (Doc. 37) in accordance therewith, which represent that Ingomar has incurred damages equaling $97,523.36 in unpaid principal,[2]

---

[1] The complaint alleges one breach of contract claim and one claim for unjust enrichment. (Doc. 1 at ¶¶ 28-35.)

[2] (See Doc. 24, Ex. 10 at 6; Doc. 37, ¶ 2.)

$40,018.67 in unpaid interest,[3] $1,489.99 in late fees and charges,[4] and $22,069.70 in legal fees,[5] the sum of which equals $161,101.72, and it appearing that the Currents have not opposed this assessment of damages, and the court finding that this valuation reflects Ingomar's contractual damages with reasonable certainty, Roadmaster (USA) Corp. v. Calmodal Freight Sys., 153 F. App'x 827, 830 (3d Cir. 2005), and presents no genuine issue of material fact for resolution at trial and entitles Ingomar to judgment as a matter of law, FED. R. CIV. P. 56(c), it is hereby ORDERED that:

1. The Clerk of Court is directed to enter JUDGMENT in favor of plaintiff Ingomar Limited Partnership and against defendants Jeffrey J. Current and Paula H. Current in the amount of $161,101.72.

2. A revised pretrial and trial schedule for the claims against the remaining defendants shall issue by future order of court.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] Interest under the mortgage note is assessed at a rate of 8.900%. (Doc. 27, Ex. 1 at Note ¶ 2.) The amount of $40,018.67 represents interest accrued since the Currents' most recent payment, made on September 5, 2003, through the date of this order. (See Doc. 24, Ex. 10 at 6; Doc. 37, Ex. E.)

[4] The mortgage note imposes a late charge on each monthly payment overdue for more than fifteen days in an amount equal to 5.00% of the payment. (Doc. 24, Ex. 1 at Note ¶ 6(A)). The amount of $1,489.99 accounts for all late payments accrued since the Currents ceased monthly payments under the note.

[5] The mortgage note authorizes recovery of any legal fees and costs associated with enforcing it provided that the note holder first transmits a notice of default to the debtor and demands payment in full. (Doc. 24, Ex. 1 at Note ¶¶ 6(C) & 6(E)). Countrywide Home Loans, which serviced the Current's note prior to Ingomar's acquisition of it, sent notices of default and foreclosure to the Currents on December 2, 2003. (See Doc. 27, Exs. A, B, & D.) Ingomar has since accrued $22,069.70 in fees and costs associated with the breach of contract action against the Currents. (See Doc. 27, Ex. F.)