IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **INGOMAR LIMITED PARTNERSHIP,** : | **CIVIL ACTION NO. 1:06-CV-1433** |
| : | |
| : | **(Judge Conner)** |
| Plaintiff  : | |
| : | |
| v.  : | |
| : | |
| **JEFFREY J. CURRENT; PAULA H. CURRENT; SELECT PORTFOLIO SERVICING, INC., f/k/a FAIRBANKS CAPITAL CORP.; RANDAL L. SPAHR; and CRYSTAL C. JAMES,** : | |
| : | |
| Defendants  : | |

## ORDER

AND NOW, this 29th day of July, upon consideration of the motion in limine (Doc. 44) of defendant Select Portfolio Servicing ("SPS"), which seeks to exclude all evidence supporting the crossclaim of defendants Randal L. Spahr and Crystal C. James (hereinafter "Spahr and James") against SPS, and it appearing that, if plaintiff Ingomar Limited Partnership ("Ingomar") is found to possess a lien on Spahr and James's property, the crossclaim will seek indemnity from SPS on the ground that SPS allegedly recorded real estate documents relevant to Ingomar's

interest in an erroneous fashion,[1] and the court concluding that the validity of Spahr and James's crossclaim for indemnity is therefore wholly dependent on the resolution of their disputed status as bona fide purchasers vis-à-vis Ingomar's interest, see Leedom v. Spano, 647 A.2d 221, 228 (Pa. Super. Ct. 1994) (stating that buyers who "pa[y] for their property without knowledge of . . . defects in the title they assert . . . are entitled to unencumbered title as bona fide purchasers for value."), see also Manton Cork Corp. v. Reiley-Moustakas Dev., No. Civ. A. 84-3723, 1987 WL 5286, at *6 (E.D. Pa. Jan 8, 1987) (holding that indemnity applies only when a party establishes that it has suffered harm "which resulted from the wrongful conduct of another who was primarily liable for the wrong"); and that disposition of the crossclaim against SPS is more appropriately addressed after adjudication of the legal relationships among Spahr and James and Ingomar, and the court finding that evidence of Spahr and James's crossclaim against SPS is relevant insofar as it

---

[1] SPS argues that evidence of Spahr and James's crossclaim should be excluded by virtue of the court's summary judgment opinion, in which the court denied Spahr and James's motion asserting bona fide purchaser status. The court concluded that the evidence proffered by non-movant Ingomar was sufficient to support the conclusion that Spahr and James possessed constructive notice of Ingomar's lien. Hence, SPS argues that the instrument it recorded on behalf of Ingomar was sufficient to impart such notice to Spahr and James, rendering their crossclaim ineffective. When issuing the summary judgment opinion, however, the court applied the standard of review applicable to summary judgment motions and analyzed all evidence in the light most favorable to Ingomar, the non-moving party. See Toledo Mack Sales & Svc. v. Mack Trucks, Inc., 530 F.3d 204, 209 (3d Cir. 2008). This standard of review is markedly different from that applied to a bench trial, during which the court sits as the ultimate finder of fact. Spahr and James are therefore entitled to present evidence of their alleged lack of notice regarding Ingomar's lien, after which the court will consider the relative credibility of all evidence presented.

will elucidate those relationships, will provide the court with the evidence necessary to adjudicate the crossclaim in the event that Spahr and James are not found +to be bona fide purchasers, and will provide the parties with the factual basis necessary to brief the legal sufficiency of the crossclaim,[2] see FED. R. EVID. 401 (stating that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence . . . more or less probable than it would be without the evidence), it is hereby ORDERED that the motion in limine (Doc. 44) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] SPS did not file a motion for summary judgment on Spahr and James's counterclaim, and the court expresses no opinion regarding the legal tenability of this claim.