# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **INGOMAR LIMITED PARTNERSHIP,** | : | **CIVIL ACTION NO. 1:06-CV-1433** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JEFFREY J. CURRENT; PAULA H. CURRENT; SELECT PORTFOLIO SERVICING, INC., f/k/a FAIRBANKS CAPITAL CORP.; RANDAL L. SPAHR; and CRYSTAL C. JAMES,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 29th day of July, upon consideration of plaintiff's motion in limine (Doc. 42), which seeks to exclude evidence (1) of the alleged bona-fide-purchaser status of defendants Randal L. Spahr and Crystal C. James (hereinafter "Spahr and James") and (2) of the judgment entered against defendants Jeffrey J. and Paula H. Current (hereinafter "the Currents") on April 11, 2008, (see Docs. 38, 39), and it appearing that Spahr and James's disputed status as bona fide

purchasers[1] directly relates to the claim of plaintiff Ingomar Limited Partnership ("Ingomar"), which asserts that it holds a mortgage lien against their property, because Spahr and James's status as bona fide purchasers, if proven, would vitiate Ingomar's alleged lien, see Poffenberger v. Goldstein, 776 A.2d 1037, 1042 (Pa. Commw. Ct. 2001) (reiterating that a buyer qualifies as a bona fide purchaser if the buyer "pay[s] valuable consideration, ha[s] no notice of the outstanding rights of others, and act[s] in good faith"); see Leedom v. Spano, 647 A.2d 221, 228 (Pa. Super. Ct. 1994) ("Since [the buyers] paid for their property without knowledge of . . . defects in the title they assert they are entitled to unencumbered title as bona fide purchasers for value."), and the court concluding that evidence regarding Spahr and James's status is therefore relevant to determining whether Ingomar possesses an interest in their property, see FED. R. EVID. 401 (stating that evidence is relevant if it has "any tendency" to show that a material fact is "more or less probable than it would be without the evidence"), and that the judgment against the Currents is relevant insofar as it provides the factual background against which

---

[1]Ingomar argues that evidence of Spahr and James's alleged bona fide purchaser status should be excluded by virtue of the court's summary judgment opinion, in which the court denied Spahr and James's motion asserting such status. When issuing that opinion, the court applied the standard of review applicable to summary judgment motions and analyzed all evidence in the light most favorable to Ingomar, the non-moving party. See Toledo Mack Sales & Svc. v. Mack Trucks, Inc., 530 F.3d 204, 209 (3d Cir. 2008). This standard of review is markedly different from that applied to a bench trial, during which the court sits as the ultimate finder of fact. Spahr and James are therefore entitled to present evidence of their alleged lack of notice regarding Ingomar's lien, after which the court will consider the relative credibility of all evidence presented.

2

Ingomar's claim against Spahr and James arises, and the court further concluding

that admitting evidence of the judgment would not result in unfair prejudice to

Ingomar, confuse the issues, or create undue delay, see FED. R. EVID. 403, because

the court, as finder of fact during a bench trial, is apprised of the factual

background of the case and of the legal significance of the facts as they relate to the

parties, see Hussey v. Chase Manhattan Bank, No. Civ. A. 02-7099, 2005 WL

2203146, at *7 (E.D. Pa. July 29, 2005) (stating that excluding evidence to alleviate

prejudice or confusion has little significant during bench trials because concerns

typical of Rule 403 challenges regarding jurors' perceptions "simply do not exist in

the context of a bench trial" (quotation and citation omitted)), it is hereby

ORDERED that plaintiff's motion is limine (Doc. 42) is DENIED.



    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge